IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| STEVEN B. FRENCHER, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | Civil No. 09-0105-CV-W-GAF-P |
| | ) | Crim. No. 05-0030-01-CR-W-GAF |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

Presently before the Court is *pro se* Movant Steven B. Frencher's ("Frencher") Motion to Vacate, Set Aside, or Correct Sentence filed pursuant to 28 U.S.C. § 2255. (Doc. #1). Frencher argues he received ineffective assistance of counsel from his attorney, Robin Fowler, when entering his guilty plea in the underlying action. *Id.* For the following reasons, Frencher's Motion is DENIED.

**A.    Facts**

On November 15, 2005, a federal grand jury returned a two-count superseding indictment, charging Frencher with conspiracy to distribute fifty (50) grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and § 846 ("Count One"); and possession with intent to distribute fifty (50) grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) ("Count Two").

On May 16, 2006, Respondent United States of America ("the Government") filed a Notice and Information of a Prior Conviction of Drug-Related Felony pursuant to 21 U.S.C. § 851, listing

1

only one of Frencher's three prior felony drug convictions.[1] The following day, Frencher pled guilty to Count Two pursuant to a written plea agreement. In the plea agreement, Frencher confirmed he understood the minimum penalty the Court could impose upon his plea of guilty to Count Two was not less than 20 years of imprisonment and agreed and stipulated he should be sentenced to 240 months (20 years) imprisonment pursuant to Fed. R. Crim. P. 11(c)(1)(C), (c)(4), and (c)(5). The Court sentenced Frencher on September 29, 2009, to a term of 240 months (20 years) of imprisonment followed by 10 years of supervised release.

Under the terms of the plea agreement, Frencher's right to appeal the denial of his motion to suppress was preserved; however, he waived his right to appeal any other issues or to collaterally attack his sentence.[2] Nevertheless, Frencher filed the pending Motion challenging his conviction and sentence on February 4, 2009.

**B.     Analysis**

The law firmly establishes a defendant's ability to waive his right to bring a post-conviction challenge to his sentence through direct appeal or collateral attack in a plea agreement. *See United States v. Mink*, 476 F.3d 558, 561-62 (8th Cir. 2007) (citations omitted); *DeRoo v. United States*, 223 F.3d 919, 923 (8th Cir. 2000) (citation omitted) (stating defendants may properly waive rights to appeal in a plea agreement, which can include the right to collateral attack under § 2255). When a defendant seeks post-conviction relief despite his waiver, "[t]he government bears the burden of proving that the defendant's appeal is barred by the waiver." *Mink*, 476 F.3d at 562. "To meet this

---

[1] The written plea agreement lists three prior felony drug convictions, one from 1995 and two from 1996.

[2] On appeal, the Eighth Circuit affirmed this Court's denial of Frencher's motion to suppress, and the Supreme Court denied his petition for a writ of certiorari on that issue.

2

burden, the government must establish: (1) that the appeal is within the scope of the waiver, (2) that the defendant entered into the waiver knowingly and voluntarily, and (3) that dismissing the appeal based on the defendant's waiver would not result in a miscarriage of justice." *Id*. (internal quotation marks and citation omitted). To find a defendant knowingly entered into the waiver, "[t]he government must show that 'the scope of a defendant's waiver of appellate rights "clearly and unambiguously" includes the issues asserted on appeal.'" *Id.*(citations omitted). As such, plea agreements are strictly construed with ambiguities read in favor of defendants. *Id.*

Here, the Government has met its burden. The present Motion falls within the scope of the unambiguous language of the waiver as it does not address the merits of Frencher's motion to suppress, which is the only issue he preserved for appeal. Frencher knowingly and voluntarily entered into the waiver as evidenced by his signature on page 12 of the plea agreement. Finally, no evidence on the record indicates that denying Frencher's Motion based on his waiver would result in the miscarriage of justice.

However, even if Frencher's post-conviction relief waiver is deemed invalid, his claim of ineffective assistance of counsel is without merit. To establish his counsel's assistance was ineffective, Frencher must show (1) "that his counsel's performance was so deficient as to fall below an objective standard of reasonable competence, and [(2)] that the deficient performance prejudiced his defense." *Nave v. Delo*, 62 F.3d 1024, 1035 (8th Cir. 1995) (citation omitted). In this case, the record evidences Frencher faced two mandatory life sentences upon a guilty verdict at trial given his three prior felony drug convictions and the minimum statutory penalties in § 841(b)(1)(A).[3] The

---

[3]Contrary to Frencher's contention, his counsel could not challenge his prior felony drug convictions because these convictions occurred more than five years before the date of the information. 21 U.S.C. § 851(e).

3

record further demonstrates Frencher's counsel negotiated a plea agreement wherein the Government would dismiss Count One of the Indictment and file an information for only one of the three prior felony drug convictions, thereby reducing the minimum statutory penalty to 20 years. In viewing the record as a whole, it cannot be said his counsel's performance in obtaining such a significant departure from the mandatory life sentences was so deficient that it fell below the objective standard of reasonableness.

Additionally, Frencher cannot prove his counsel's performance prejudiced his defense. Frencher now contends that had counsel "informed him of the true nature of the application of his sentencing guidelines and statue [sic] he would not have pleaded guilty but requested a jury trial." (Doc. #1, Ex. 1, p. 12). However, the prejudice prong requires the Court to assess whether the alleged error, if corrected, would have resulted in an acquittal at a subsequent trial. *Hill v. Lockhart*, 474 U.S. 52, 59-60 (1985). Frencher presents no evidence that had he proceeded to trial he would have been acquitted or his sentence would have been less than 20 years. Therefore, Frencher has not met his burden to prove his counsel's performance prejudiced his defense. Because his waiver is valid and his ineffective assistance of counsel claim is not supported by the record, Frencher's § 2255 Motion is DENIED.

## C.     Evidentiary Hearing and Certificate of Appealability

"A defendant is entitled to a hearing on a § 2255 motion unless the motion, files, and record conclusively show that the defendant is not entitled to relief." *United States v. Regenos*, 405 F.3d 691, 694 (8th Cir. 2005) (internal quotation marks and citation omitted). "A § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Id.* As explained

4

above, Frencher's allegations are either not supported by the record or are conclusions rather than statements of fact. An evidentiary hearing is therefore unwarranted and DENIED.

The Government also requests the Court deny Frencher a certificate of appealability. A certificate of appealability should issue only if a habeas prisoner makes "a substantial showing of the denial of a constitutional right...." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* (citation omitted). Here, there is no room for debate over the merits of Frencher's claims and the law affords him no relief. As such, Frencher is DENIED a certificate of appealability with respect to his petition.

## CONCLUSION

Frencher knowingly and voluntarily waived his post-conviction relief rights. Additionally, as demonstrated by the record, Frencher's claim of ineffective assistance is without merit. His Motion to Vacate, Set Aside, or Correct Sentence is accordingly DENIED. Further, no evidentiary hearing is required as his arguments are futile under the law. Finally, due to Frencher's failure to make a substantial showing of the denial of a constitutional right, he is also DENIED a certificate of appealability with respect to his petition.

**IT IS SO ORDERED.**

s/ Gary A. Fenner<br>
Gary A. Fenner, Judge<br>
United States District Court

DATED: August 14, 2009

5